UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DAIJUAN TAIKAIN TAYLOR,

                Plaintiff,

      - against -

SECURUS TECHNOLOGIES, INC., ET AL.,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-1416 (PKC) (LKE)

PAMELA K. CHEN, United States District Judge:

On March 10, 2025, Plaintiff DaiJuan Taikain Taylor ("Plaintiff" or "Taylor"),[1] proceeding *pro se*, filed this action against Defendants Securus Technologies, Inc. ("Securus Technologies"), Maurinda Allen, Rolando Allen, Wilneasha Beasly, and Hontidaih Hall, (collectively, "Defendants"), (Compl., Dkt. 1), along with an application to proceed *in forma pauperis* ("IFP"), (Dkt. 2). On March 20, 2025, the Court denied Plaintiff's IFP application without prejudice. (Dkt. 4.) On April 2, 2025, Plaintiff filed a Long Form IFP application. (Dkt. 7.) As set forth below, Plaintiff's IFP motion is granted, and the Complaint is dismissed in its entirety.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff

---

[1] The Court takes judicial notice that Plaintiff has a significant litigation history. *See, e.g.*, *Taylor v. Oliver*, No. 23-CV-0337 (TES) (CHW), 2023 WL 8283612, at *3 (M.D. Ga. Nov. 30, 2023) (noting Taylor's prior lawsuits under different versions of his name: DaiJuan Taikain Taylor, Dai-Juan Taikain Taylor, and Dai-Juan Taikain El-Elyon), *R&R adopted*, 2023 WL 8830586 (M.D. Ga. Dec. 21, 2023); *Taylor v. Olgolsbee*, No. 23-CV-030, 2023 WL 5254741 (S.D. Ga. July 10, 2023) (dismissing Taylor's complaint for failure to state a claim), *R&R adopted*, 2023 WL 5246344 (S.D. Ga. Aug. 15, 2023); *Taylor v. Nelsen*, No. 24-CV-2260 (SO), 2025 WL 755403 (N.D. Ohio Mar. 10, 2025) (dismissing Taylor's mandamus action against FBI Director).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff "brings this action against Defendant[s] for violations of federal and state privacy laws, unauthorized surveillance, cyberstalking, religious persecution, and unlawful dissemination of personal data." (Compl., Dkt. 1, at ECF[2] 5.) Specifically, Plaintiff alleges the "unauthorized use of RFID-based brain surveillance and EEG-tracking technology while Plaintiff was incarcerated, followed by continued unlawful monitoring and public exploitation after Plaintiff's release." (*Id.* at ECF 8.) He seeks $1 billion in damages. (*Id.* at ECF 5.)

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional.") (quotation marks omitted).

Plaintiff's allegations, even under the liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), are frivolous. Here, Plaintiff alleges that Securus Technologies broadcasted "Plaintiff's sensory data" and allowed "unauthorized access to Plaintiff's thoughts, hearing, and vision." (Compl., Dkt. 1, at ECF 9.) Plaintiff further alleges that "a group of civilians hacked Securus Technologies' servers and exploited the surveillance system, publicly broadcasting Plaintiff's private experiences on social media." (*Id.* at 11.) Plaintiff also claims that "Defendants created and distributed a fake federal warrant, falsely portraying Plaintiff as a serial killer." (*Id.* at 15.) These allegations appear to be "the product of delusion or fantasy." *Livingston*, 141 F.3d at 437.

Given the implausibility of Plaintiff's allegations, the action cannot proceed. Accordingly, the Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Lewis v. U.S. Dep't of Health Servs.*, No. 24-CV-2503 (PKC) (TAM), 2024 WL 1577930 (E.D.N.Y. Apr. 11, 2024) (dismissing *pro se* complaint as frivolous finding that the allegations were nonsensical and failed to present a cognizable claim); *Hakaniemi v. Zuckerberg*, No. 21-CV-4345 (PKC) (LB), 2021 WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se*

complaint as frivolous and denying leave to amend where complaint was "devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment").

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Accordingly, Plaintiff's motion to proceed IFP is granted, and the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff's Motion for Discovery, (Dkt. 6), is denied as moot.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 23, 2025
       Brooklyn, New York

4